Amir Shlesinger (SBN 204132)
Farah Tabibkhoei (SBN 266312)
Sarah B. Johansen (SBN 313023)
REED SMITH LLP
355 South Grand Ave., Suite 2800
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
UnitedHealthcare Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FIRST STREET FEDERAL COURTHOUSE

| | |
|---|---|
| Namdy Consulting, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> UnitedHealthcare Insurance Company and DOES 1-20. <br><br> Defendants. | Case No.: 2:18-cv-1283 RSWL (KSx) <br><br> **DEFENDANT UNITEDHEALTHCARE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> Hearing Date: May 1, 2018 <br> Time: 10:00 a.m. <br> Courtroom: TBD <br><br> Compl. Filed: November 30, 2017 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on **May 1, 2018**, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Ronald S.W. Lew, United States District Judge, in a Courtroom (specific Courtroom location to be noticed by the Court) of the above-entitled Court, located at 350 W. 1st Street, Suite 4311, Los Angeles, California 90012, Defendant UnitedHealthcare Insurance Company ("UHIC") will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims alleged against it in the Complaint by Plaintiff NAMDY Consulting, Inc. ("NAMDY ").

NAMDY's claims fail as a matter of law because NAMDY lacks standing. NAMDY's attempt to pursue its claims on the basis of an alleged assignment fails because NAMDY has not sufficiently alleged facts regarding the subject matter and scope of the assignment or sufficiently pled that the assignor assigned the specific claims for relief alleged herein to NAMDY.  Even if NAMDY had standing, its claims should be dismissed because NAMDY has failed to sufficiently plead factual allegations to state a plausible claim for relief.  NAMDY's claims for recovery for services rendered and quantum meruit fail because NAMDY has failed to plead that UHIC made a specific request for the services or benefited from them, essential elements of NAMDY's claims.  Further, the quantum meruit claim fails because NAMDY's recovery is limited to the benefits afforded under the patients' contracts with UHIC and there are no allegations that UHIC failed to reimburse NAMDY according to the terms of the patients' contracts with UHIC.

Moreover, NAMDY's claim for open book account fails because NAMDY has failed to plead any facts regarding a mutual agreement between the parties to maintain a book account of credits and debts, an essential element of a claim for open book account.  Additionally, NAMDY's claim for breach of implied contract fails because NAMDY has not pled any words or conduct showing UHIC agreed to pay 100% of the Physicians' full, billed charges.  NAMDY's declaratory relief claim fails because

it is not an independent cause of action and is duplicative of NAMDY's other claims for relief.  Further, NAMDY's claim for interference fails as a matter of law because UHIC is not a stranger to the economic relationship between the Physicians and UHIC's insureds.  Even if UHIC was a stranger to the relationship, NAMDY has not pled any independently wrongful conduct to support its claim or sufficiently alleged facts showing UHIC was certain or substantially certain that its actions would cause an interference.

      This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings in this case and upon any additional matter or argument that may be presented by counsel at the hearing on this motion.

      This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 15, 2018.

DATED:  March 26, 2018        REED SMITH LLP

By   /s/ Sarah B. Johansen
     Amir Shlesinger
     Farah Tabibkhoei
     Sarah B. Johansen
     Attorneys for Defendant
     UnitedHealthcare Insurance Company