Amir Shlesinger (SBN 204132)
Farah Tabibkhoei (SBN 266312)
Sarah B. Johansen (SBN 313023)
REED SMITH LLP
355 South Grand Ave., Suite 2800
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
UnitedHealthcare Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FIRST STREET FEDERAL COURTHOUSE

| | |
|---|---|
| Namdy Consulting, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> UnitedHealthcare Insurance Company and DOES 1-20. <br><br> Defendants. | Case No.: 2:18-cv-1283 RSWL (KSx) <br><br> **DEFENDANT UNITEDHEALTHCARE INSURANCE COMPANY'S STATEMENT OF NON-OPPOSITION AND REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> Hearing Date: May 1, 2018 <br> Time: 10:00 a.m. <br> Courtroom: TBD <br><br> Compl. Filed: November 30, 2017 |

1  Plaintiff NAMDY Consulting, Inc. ("NAMDY") has failed to oppose
2  Defendant UnitedHealthcare Insurance Company's ("UHIC") Motion to Dismiss (the
3  "Motion"), thereby conceding its merit, and accordingly UHIC's unopposed Motion
4  should be granted.
5      On March 23, 2018, UHIC filed its Motion to Dismiss Plaintiff's Complaint.
6  [Doc. 7-1] Plaintiff's deadline to file a response was April 10, 2018. *See* L.R. 7-9.
7  As of the date of this filing, Plaintiff has not filed or served an opposition to UHIC's
8  Motion.
9      NAMDY's failure to oppose UHIC's Motion suggests that Plaintiff concedes
10 UHIC's Motion is meritorious and should be granted. *See* L.R. 7-12 ("The Court may
11 decline to consider any memorandum or other document not filed within the deadline
12 set by other or local rule. The failure to file any required document, or the failure to
13 file it within the deadline, may be deemed consent to the granting or denial of the
14 motion . . . ."); *see also Silva v. U.S. Bancorp*, 2011 WL 709657, at *3 (C.D. Cal. Oct.
15 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed
16 by failing to address Defendants' arguments in his Opposition."); *Saba v. Caplan*,
17 2010 WL 4235473, at *1 (N.D. Cal. Oct. 21, 2010) ("failure to file an opposition to a
18 motion to dismiss in contravention of the local rules . . . is grounds for granting the
19 motion") (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)); *Wooten v.*
20 *Countrywide Home Loans Inc.*, 2012 WL 346460, at *5 (E.D. Cal. Feb. 1, 2012)
21 (same) (citing *Herzberg v. County of Plumas,* 133 Cal. App. 4th 1, 20 (2005)).
22     As discussed in detail in UHIC's Motion, NAMDY's claims all fail:
23     (1) **NAMDY Lacks Standing Because Its Allegations Of An Assignment**
24 **Are Insufficient**. NAMDY has not pled any facts to support its alleged assignment
25 from the unnamed Physicians in this case. NAMDY does not attach or quote
26 language from the alleged assignments, does not plead the terms or scope of the
27 assignment, and does not even allege whether there are multiple assignments for each
28 provider or a universal assignment. Nor does NAMDY identify the alleged assignors,

when the assignments were effectuated, or which alleged accounts receivable or claims for reimbursement were assigned.  Rather, NAMDY merely concludes that it is "an assignee of certain medical groups, physicians, or health care providers" and was assigned their "right to payment."  (Compl., ¶¶ 3-4.)  However, these allegations are insufficient to assert any valid cause of action.

(2) **Even If NAMDY Had Standing (It Does Not), Its Conclusory Allegations Fail To State A Valid Claim For Relief**.  NAMDY's entire Complaint consists of conclusory allegations and is devoid of any factual support.  NAMDY fails to identify the specific medical claims at issue, when the alleged services were provided, to whom, the amounts of any claim, the nature of the claims or even the precise number of claims at issue.  NAMDY's Complaint does not put UHIC on notice of what specific conduct or transactions are at issue, and the Complaint is therefore defective.

(3) **Each of NAMDY's Claims Fail Because It Is Based On The Faulty Premise That UHIC Has An Obligation To Pay The Physicians Under The Knox-Keene Act, When In Fact The Knox-Keene Act Does Not Apply To UHIC**.  NAMDY's Complaint is premised on the false assumption that UHIC has an obligation to pay the Physician based on provisions in the Knox-Keene Act and its related regulations.  UHIC, however, is an insurance company "licensed by the Department of Insurance."  (Compl., ¶ 5.)  The Knox-Keene Act does not apply to such entities, but applies to health plans that are regulated by the Department of Managed Health Care ("DMHC").

Additionally, NAMDY's causes of action each fail for independent reasons:

(4) **Recovery for Services Rendered** – This claim fails because NAMDY does not allege that UHIC made a specific request for services or benefitted from the services.

(5) **Quantum Meruit** – This claim fails because NAMDY does not allege that UHIC made a specific request for services or benefitted from the services.

(6) **Open Book Account** – This claim fails because NAMDY makes no allegations of a *mutual* agreement to maintain a book account of credits and debits as to any claim, nor an indebtedness of a sum certain, all of which are essential elements of a claim for open book account.

(7) **Breach of Implied Contract** – This claim fails because NAMDY fails to plead any meeting of the minds. NAMDY has not pled any words or conduct by UHIC indicating that it agreed to pay for the services and it certainly did not promise to pay 100% of the Physicians' full, billed charges for any of the purported medical services at issue. There are also no allegations that NAMDY contacted UHIC before providing the services. To the extent NAMDY relies on alleged authorization of services, it is well-settled that neither the verification of eligibility nor authorization of benefits constitutes a promise to pay.

(8) **Declaratory Relief** – This claim fails because it is not an independent cause of action and it is duplicative of NAMDY's other claims for relief.

(9) **Intentional Interference With Prospective Economic Advantage** - This claim fails because UHIC is not a stranger to the Physicians' economic relationship with its patients or to UHIC's own contracts with its insureds, which NAMDY alleges underlies UHIC's payment obligation. Further, NAMDY has not pled any independently wrongful conduct to support its claim or sufficiently alleged facts showing UHIC was certain or substantially certain that its actions would cause an interference.[1]

For all of these reasons, the Court should grant UHIC's Motion to Dismiss in its entirety.

---

[1] As set forth in the Motion, NAMDY stipulated to withdraw its claim for negligence per se claim. *See* Doc. 7-1 at 11.

1 | DATED:  April 12, 2018          REED SMITH LLP
2
3                                   By  /s/ Farah Tabibkhoei
                                        Amir Shlesinger
4                                       Farah Tabibkhoei
                                        Sarah B. Johansen
5                                       Attorneys for Defendant
                                        UnitedHealthcare Insurance Company